IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALLACE STILZ III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 2087 |
| | ) |
| BANCO POPULAR NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Banco Popular North America's (Banco) motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

# BACKGROUND

On April 1, 2010, Plaintiff Wallace Stilz III (Stilz) allegedly withdrew funds from an automated teller machine operated by Banco located on E. Erie Street in Chicago, Illinois (ATM1). Stilz contends that he was charged a $2.00 fee to withdraw funds from ATM1. According to Stilz, there was no notice posted on ATM1 that disclosed that users could be charged a fee to conduct an electronic fund

1

transfer on ATM1.  Stilz also contends that there was no notice posted on ATM1 indicating that funds deposited might not be available for immediate withdrawal. Stilz further alleges that on April 17, 2010, he withdrew funds from an automated teller machine operated by Banco located on North Avenue in Chicago, Illinois (ATM2).  Stilz contends that he was charged a $2.00 fee to withdraw funds from ATM2.  According to Stilz, the notice posted on the outside of ATM2 incorrectly stated that he could be charged a $1.50 fee to conduct an electronic fund transfer on ATM2.  Stilz includes in his amended complaint a claim alleging a violation of the Electronic Fund Transfers Act (EFTA), 15 U.S.C. § 1693, *et seq.*, for the absence of a fee notice on ATM1 (Count I), an EFTA claim based on an improper fee notice on ATM2 (Count II), and an EFTA claim based on the improper deposit notice on ATM1 (Count III).  Banco moves to dismiss all claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction.  *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).  If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1)

would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946. For the purpose of determining subject matter jurisdiction, this court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

Banco contends that it extended an offer of judgment (Offer of Judgment) pursuant to Federal Rule of Civil Procedure 68 (Rule 68) to Stilz before he filed a

3

motion for class certification and that this action therefore became moot. Under Article III of the United States Constitution federal courts are provided with jurisdiction "over cases and controversies" and "[b]oth litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). A case becomes moot and a court is without jurisdiction "when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Id.* The Seventh Circuit has indicated that one instance in which a case can become moot is when "'the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff . . . has no remaining stake.'" *Id.* (quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)).

I. Offer of Judgment Prior to Motion for Class Certification

     In the instant action, it is not disputed that on July 16, 2010, Banco filed and served on Stilz the Offer of Judgment in which Banco offered Stilz $1,020.00 plus reasonable attorneys' fees and costs. It is also not disputed that on July 19, 2010, Stilz, by letter, rejected the Offer of Judgment. On August 12, 2010, Banco filed the instant motion to dismiss and afterwards, on August 17, 2010, Stilz filed a motion for

4

class certification. The Seventh Circuit has indicated that the mere prospect that an action may become a class action does not preclude the dismissal of an action if a named plaintiff is offered full relief before he files a motion for class certification. *See Holstein*, 29 F.3d at 1147 (7th Cir. 1994)(stating that case was moot and noting that the plaintiff could not "claim the benefit of" the class action "exception to the mootness doctrine because the district court did not certify the class" and the plaintiff "did not even move for class certification prior to the evaporation of his personal stake"); *see also, e.g., Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010)(explaining the inherently transitory exception to the mootness doctrine). Thus, the instant action became moot prior to the filing of the motion for class certification by Stilz. We note that in the instant action, not only did Stilz fail to file the motion for class certification before the filing of the Offer of Judgment, Stilz filed his motion for class certification even after rejecting the offer.

II. Whether Full Relief was Offered

Banco contends that it offered Stilz more than he could have received under the statutory cap for the EFTA claims brought by Stilz in this action. Banco offered Stilz $1,020.00 plus reasonable attorneys' fees and costs. EFTA provides the

5

following as to the recovery of damages:

> Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter *with respect to any consumer*, except for an error resolved in accordance with section 1693f of this title, *is liable to such consumer* in an amount equal to the sum of--
>
> (1) any actual damage sustained by such consumer as a result of such failure; [and]
>
> (2)(A) *in the case of an individual action*, an amount not less than $100 nor greater than $1,000; . . .

15 U.S.C. § 1693m(a)(emphasis added).

A. Whether Cap is Per Action or Per Violation

Stilz contends that he was not offered all relief that was available to him, arguing that he could recover $2,000 in this case, since there were two separate violations of EFTA. In support of his position, Stilz cites one district court case, *Corrado v. RP Realty Partners, LLC*, 2010 WL 571970, at *2 (M. D. Fla. 2010), which is not controlling precedent. (Ans. SJ 6). In addition, we note that in *Corrado*, the court did not directly address the "per violation" issue and merely made a reference to the statutory cap for individual actions in dicta. *Id.* at *2. Also, one judge in this district has concluded that EFTA provides a statutory maximum of $1,000 per action, rather than per violation. *See Stilz v. Global Cash Network, Inc.*, 2010 WL 3975588, at *6 (N.D. Ill. 2010)(finding that EFTA statutory maximum is

$1,000 per action). We agree with the court in *Global* that the references in EFTA to the maximum "liab[ility] to such consumer," and to "an individual action," indicate that the statutory maximum is $1,000 per action rather than per violation. 15 U.S.C. § 1693m(a). The plain meaning accorded to the language in EFTA supports this position and does not support Stilz's contention that the statutory maximum is per violation. *See, e.g., Smith v. Zachary*, 255 F.3d 446, 448 (7th Cir. 2001)(stating that "[t]he plain meaning rule is applicable when the statutory language is clear"). Therefore, Stilz was limited under EFTA to a recovery of $1,000 for statutory damages in this action.

### B. Actual Damages

Stilz also argues that Banco did not compensate him for actual damages. However, Stilz has not alleged any facts that would suggest that he suffered any actual damages from the alleged EFTA violations. Nor does Stilz point in his opposition to the instant motion to any actual damages he suffered. For example, although Stilz contends that he was not notified that a deposit in ATM1 would not be immediately available for withdrawal, there is no indication that Stilz ever attempted to immediately withdraw the funds he deposited in ATM1.

Stilz also contends that the Offer of Judgment did not include interest on

actual damages. However, Banco has shown that even if Stilz had actual damages, the interest that would have accrued since July 16, 2010 would be less than $1.00 in interest. (Reply 8-9). Thus, even if Stilz could point to evidence of any actual damages, the extra $20 over the statutory maximum included in the Offer of Judgment would have covered such interest owed. Therefore, Banco has shown that it offered Stilz the full relief that was available to him under the law in this action.

III. Procedural History of Case

Stilz argues that based on the procedural history of this case it would be inequitable for the court to dismiss the instant action.

A. Fairness to Stilz

Stilz contends that Banco extended its Offer of Judgment to Stilz in order to unfairly attempt to "pick[] him off, *i.e.* mooting his claims. . . ." (Ans. Dis. 1). However, Stilz has been offered full compensation by Banco and has not shown how such an offer is unfair to him. Stilz also argues that Banco is attempting to avoid compensating proposed class members. However, there is no class certified in this case. The dismissal of the instant action does not impact the rights of any proposed class members. In addition, Stilz has not shown that a dismissal under the

circumstances in this action would prejudice the proposed class members. *See, e.g., Wrightsell v. Cook County, Ill.*, 599 F.3d 781, 784 (7th Cir. 2010). We note that some courts have held that a plaintiff could avoid mootness of an action if the plaintiff filed a motion for class certification within 10 days after the defendant's offer of judgment. *Global*, 2010 WL 3975588, at *3 (indicating that "some courts in this district have" declined to dismiss a case as moot when "the plaintiff seeks class certification within the 10 days following a Rule 68 offer of judgment"). However, even if such a period were applied in the instant action, Stilz's motion for class certification would have been untimely. Stilz was extended the Offer of Judgment on July 16, 2010, and he did not file the motion for class certification until August 17, 2010.

Stilz also contends that the court can use its inherent power to prevent an inequity that would result by the dismissal of the instant action. However, even if the court had such discretion in regard to jurisdictional issues, a dismissal would still be warranted in light of the fact that Stilz is receiving all relief that he could have received, in a timely manner without having to conduct discovery and go to trial in this case. Stilz has not shown that a dismissal would result in an inequitable result to him or to the proposed class members.

B.  Court Scheduling Order

Stilz also contends that the court issued a scheduling order providing dates for the filing of a motion for class certification.  Stilz contends that the court entered the order prior to the filing by Banco of the instant motion.  Stilz contends that the court is bound by the law of the case doctrine and cannot dismiss the action based on the filing of the motion for class certification that was in accordance with the court's scheduling order.  Under the law of the case doctrine, "a single court should not revisit its earlier rulings unless there is a compelling reason to do so." *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009)(stating that the doctrine "is designed to further consistency, to avoid constantly revisiting rulings, and to conserve judicial resources").  In the instant action, there were no substantive rulings by the court for the purposes of the law of the case doctrine.  This court merely set a schedule for the filing and briefing of a motion for class certification because Stilz indicated an intention to file such a motion.  Nothing prohibited Stilz from filing his motion for class certification earlier than the scheduled filing date.  Also, nothing prohibited Banco from extending an offer of judgement, which it was entitled to do.  In addition, Banco did not waive any right to pursue the legal arguments contained in the instant motion.  Stilz even admits that the court merely entered the scheduling order based on the parties' agreed

schedule. (Ans. Dis. 3). Stilz also contends that the parties included the proposed schedule for the motion for class certification in the parties' Joint Initial Status Report and that Banco should be estopped from arguing that the court lacks subject matter jurisdiction. However, the parties cannot by agreement confer subject matter jurisdiction in this case. *See Shapo v. Engle*, 463 F.3d 641, 645 (7th Cir. 2006)(stating that "[p]arties cannot confer federal jurisdiction by agreement"). Once this action became moot, this court lacked subject matter jurisdiction, regardless of the agreements among the parties. *See, e.g., Holstein*, 29 F.3d at 1147. Thus, the mere fact that the court set a scheduling order for the filing of a class certification motion in accordance with the parties' agreed schedule is not a basis to deny the instant motion to dismiss.

### C. Approval of Settlement

Stilz also argues that the Offer of Judgment could not have been accepted by Stilz absent court approval. Federal Rule of Civil Procedure 23 provides that "[t]he claims, issues, or defenses *of a certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). However, this court never certified a class, and thus no approval is required for a settlement in this action. Thus, there was no necessity for court approval relating to the Offer of

Judgment.

### D. Relation Back to Complaint

Stilz also argues that the court should find that the filing of his motion for class certification relates back to the filing of his complaint. Stilz has not cited any controlling precedent on point that would allow for such a relation back. Also, such a ruling would be contrary to the existing law in the Seventh Circuit. *See, e.g., Holstein*, 29 F.3d at 1147. The mere fact that Stilz chose to include class allegations in his complaint did not render this action a class action or constituted a motion for class certification. Fed. R. Civ. P. 23; (Compl. 5). Therefore, based on the above, we grant Banco's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Banco's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 25, 2010