IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WALLACE STILZ III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 10 C 2087 |
| ) | |
| **BANCO POPULAR NORTH AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Wallace Stilz III's (Stilz) motion for reconsideration. For the reasons stated below, the court denies the motion for reconsideration.

### BACKGROUND

On April 1, 2010, Stilz allegedly withdrew funds from an automated teller machine operated by Defendant Banco Popular North America (Banco) located on E. Erie Street in Chicago, Illinois (ATM1). Stilz contends that he was charged a $2.00 fee to withdraw funds from ATM1. According to Stilz, there was no notice posted on ATM1 that disclosed that users could be charged a fee to conduct an electronic fund transfer on ATM1. Stilz also contends that there was no notice posted on

1

ATM1 indicating that funds deposited might not be available for immediate withdrawal. Stilz further alleges that on April 17, 2010, he withdrew funds from an automated teller machine operated by Banco located on North Avenue in Chicago, Illinois (ATM2). Stilz contends that he was charged a $2.00 fee to withdraw funds from ATM2. According to Stilz, the notice posted on the outside of ATM2 incorrectly stated that he could be charged a $1.50 fee to conduct an electronic fund transfer on ATM2. Stilz included in his amended complaint a claim alleging a violation of the Electronic Fund Transfers Act (EFTA), 15 U.S.C. § 1693, *et seq.*, for the absence of a fee notice on ATM1 (Count I), an EFTA claim based on an improper fee notice on ATM2 (Count II), and an EFTA claim based on the improper deposit notice on ATM1 (Count III).

On October 25, 2010, the court granted Banco's motion to dismiss based on mootness since Banco had extended an offer of judgment (Offer of Judgment) to Stilz pursuant to Federal Rule of Civil Procedure 68 (Rule 68), which was not accepted by Stilz, and Stilz had failed to file a timely motion for class certification. Stilz requests that the court reconsider its ruling granting the motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) (Rule 59(e)) permits parties to file, within 28 days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and

2

should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

I.  Court Scheduling Order

Stilz contends that, in delaying the filing of his motion for class certification, he justifiably relied on the court's July 28, 2010 scheduling order (Scheduling Order). On July 28, 2010, the court entered the Scheduling Order, which stated, in part, the following: "Plaintiff to file its motion for class certification by 12/01/10. Response to Plaintiff's motion for class certification, if any, shall be filed by 12/15/10 and reply, if any, to be filed by 12/22/10." (DE 18). Stilz argues that when the court set the Scheduling Order, the court extended the timeframe during which Stilz could file a motion for class certification without having the action rendered moot. As the court indicated in its prior ruling, some courts have held that a plaintiff could avoid mootness of an action if the plaintiff filed a motion for class certification

3

within a limited period after the defendant's offer of judgment. *See Stilz v. Global Cash Network, Inc.*, 2010 WL 3975588, at *3 (N.D. Ill. 2010)(indicating that "some courts in this district have" declined to dismiss a case as moot when "the plaintiff seeks class certification within the [set period] following a Rule 68 offer of judgment"). Stilz contends that when the court entered the Scheduling Order in the instant action, the court further extended that deadline relating to the mootness issue. However, as the court explained in its prior ruling, the court set a schedule for the filing of a motion for class certification because Stilz indicated an intention to file such a motion. At that time, Banco had not filed a motion to dismiss based on a rejection of its Offer of Judgment. Nothing prohibited Stilz from filing his motion for class certification timely to avoid the mootness issue. Even if the filing of the motion for class certification can be extended for a brief period after an offer of judgment, as has been ruled by some courts, the record does not reflect that Stilz attempted to file a motion for class certification as soon as possible after Banco extended the Offer of Judgment to Stilz. To the contrary, Stilz affirmatively rejected the Offer of Judgment.

II. Consideration of Certain Factors

Stilz contends that the court considered two issues that are not properly considered for addressing the mootness issue. The court indicated in its prior ruling that a dismissal would be warranted in light of the fact that Stilz was offered all relief that he could have received in this action. (10/25/10 MO 9). The court also

indicated that Stilz had not shown that a dismissal would result in an inequitable result to him or to the proposed class members. (10/25/10 MO 9). Stilz argues that neither of those factors should have been considered by the court.

However, whether Stilz was offered full relief was a key issue that had to be resolved in assessing whether the action was moot. *See Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994)(stating that a case can become moot when "'the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff . . . has no remaining stake'")(quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)). Thus, the court properly considered whether Stilz was offered full relief. Since Stilz was given the opportunity to obtain full relief, whether or not he chose to take advantage of that opportunity, he lost his stake in this action and his claim was moot.

In regard to the equities in this case, Stilz raised the equities issue with the court. In his opposition to the motion to dismiss, Stilz requested as an alternative argument that the court exercise its inherent power to ensure fairness and deny the motion to dismiss because, according to Stilz, "it would [have been] patently inequitable for [Stilz's] action to be dismissed. . . ." (Ans. Dis. 11). Stilz, in fact, continues to indicate in his instant motion that he is presenting an "equitable argument" to the court. (Recon. 3). In addressing the equities issue in its prior ruling, the court addressed Stilz's argument that despite the law relating to Rule 68, the court could exercise its inherent equitable powers and deny the motion to dismiss. (Ans. Dis. 11). As the court indicated in its prior ruling, even if the court

5

were to consider the equities in this case, the equities favored granting the motion to dismiss.

III.  Counter-Offer

Stilz argues in the instant motion that he responded to Banco's Offer of Judgment on July 20, 2010, and that Stilz's response should be deemed a counter-offer, rather than a rejection of the Offer of Judgment. Stilz contends that he therefore never rejected the Offer of Judgment. Stilz, however, presented such a counter-offer argument for the first time in his reply brief for the motion for reconsideration. Stilz never presented such an argument to the court prior to its ruling on the motion to dismiss. Nor did Stilz provide Banco with an opportunity to respond to the argument during the briefing on the motion to dismiss or the instant motion for reconsideration. The counter-offer argument is thus improperly raised at this juncture. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009)(stating that a "district court is entitled to find that an argument raised for the first time in a reply brief is forfeited").

Even if Stilz had raised the counter-offer argument in a timely manner, he has not shown that the court erred. Rule 68 provides that a plaintiff is given 14 days after being served with an offer of judgment to accept the offer of judgment. Fed. R. Civ. P. 68(a). The record indicates that Banco served Stilz with the Offer of Judgment in July 2010. Thus, the deadline under Rule 68 for Stilz's acceptance of

the Offer of Judgment has long since passed. Stilz has not provided any documentation to show that he ever accepted the Offer of Judgment within the period set by Rule 68. Stilz argues that he responded to the Offer of Judgment with a counter-offer. However, Stilz has not presented sufficient evidence that he extended a counter-offer. Stilz's response, a few days after the Offer of Judgment, included a firm sentence of rejection as follows, "Mr. Stilz does not accept your settlement offer." While it is true that Stilz was hoping to get a more beneficial offer, the fact remains that Stilz rejected the Offer of Judgment. In addition, even if this court construes Stilz's response to the Offer of Judgment as a counter-offer, Stilz has not cited any controlling precedent to show that the Offer of Judgment has not expired. Thus, even if Stilz's response to the Offer of Judgment could be deemed a counter-offer, rather than a rejection, Stilz has not shown that the court erred in dismissing the instant action.

IV. Entry of Judgment

Stilz also contends that the court should have at least entered judgment in favor of Stilz before dismissing the action as moot. The Seventh Circuit has held that once a plaintiff refuses an offer of judgment for a complete recovery, the court lacks subject matter jurisdiction over the action. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991); *See also, e.g., Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999)(stating that "[y]ou cannot persist in suing after

you've won"). Once the Offer of Judgment was rejected by Stilz on July 20, 2010, or at the latest, when the Offer of Judgment expired pursuant to Rule 68, Stilz lacked a stake in this matter, and this court unquestionably lacked jurisdiction in this action and could no longer enter a judgment in favor of Stilz.

Stilz also argues that his claims were not moot when Banco extended the Offer of Judgment. Stilz contends that the court retains jurisdiction to enter a judgment in his favor at least until Banco actually tenders him the offer amount. In *Rand*, the Seventh Circuit stated that "[o]nce the defendant *offers to satisfy the plaintiff's entire demand*, there is no dispute over which to litigate, . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand*, 926 F.2d at 598 (emphasis added); *see also Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987)(stating that "a party must have an economic dispute with the defendant, one surviving the offer of settlement, to be allowed to press on in the face of the defendant's willingness to satisfy the plaintiff's initial demand"). The Court in *Rand* held that "[w]hen [the plaintiff] *refused the offer*, the district court properly entered judgment against him." *Id.* at 597-98 (emphasis added). As in *Rand*, in the instant action, the court entered judgment in favor of the defendant, Banco, when the plaintiff, Stilz, refused the offer. *Id.* The Court in *Rand* did not state that the district court should have entered judgment in favor of the plaintiff, or that the court had jurisdiction until an actual tender was made, and Stilz has not cited any controlling precedent that supports such

8

a proposition. *Id.*; *see also Lucero v. Bureau of Collection Recovery, Inc.*, 716 F. Supp. 2d 1085, 1098 (D. N. M. 2010)(citing *Rand* and *Greisz*, referring to the approved procedure in the Seventh Circuit for the "dismissal of the action," and indicating that "[c]ourts in the Second Circuit have elect[ed] instead to enter judgment in the plaintiff's favor in accordance with the defendant's rejected rule 68 offer of judgment").

Stilz cites *Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326 (1980), in which the lower court had entered a judgment in favor of the plaintiffs. 445 U.S. at 329-30; (Recon. 7-8). In *Roper*, the district court allowed the defendant to deposit with the court the tender amount of the offer to the plaintiffs for their individual claims. *Id.* However, the Court in *Roper* did not rule upon the appropriateness of entering judgment in favor of the plaintiffs, and the issue was not an issue on appeal before the Court. In fact, the Court in *Roper* specifically noted that it "need not speculate on the correctness of the action of the District Court in accepting the tender in the first instance. . . ." *Id.* at 337. The holding in *Roper* related to whether a plaintiff could appeal a denial by a district court of a motion for class certification under certain circumstances. *Id.* at 327; *see also Stilz v. Standard Bank and Trust Co.*, 2010 WL 5158108, at *5 (N.D. Ill. 2010)(stating that "*Roper*, however, did not deal with whether judgment must be entered on a defendant's offer to moot the plaintiff's claims" and declining to enter judgment in favor of the plaintiff). Thus, *Roper* is not on point in the instant action.

The Seventh Circuit has held that a plaintiff is not entitled to continue pursuing an action despite a defendant's willingness to pay the plaintiff in full. *See, e.g., Alliance*, 820 F.2d at 878. Stilz was offered full relief in this action, and he declined to accept the offer. At that point, there was nothing more for this court to resolve, and the court therefore lacked subject matter jurisdiction. *See, e.g., Wilder Chiropractic, Inc. v. Pizza Hut of Southern Wis., Inc.*, 2010 WL 4925270, at *3 (W.D. Wis. 2010)(stating that "[t]he general rule is that a federal court loses jurisdiction over a case when the defendant offers the plaintiff all the relief he could obtain at trial because there is no more relief the court can provide"). Thus, consistent with the Seventh Circuit's ruling in *Rand*, this court entered judgment in favor of Banco and dismissed the instant action. Stilz has not shown that the court erred in dismissing the instant action without entering a judgment in favor of Stilz. Therefore, based on the above, the court denies the motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, the court denies the motion for reconsideration. Even though the court has denied the motion for reconsideration, and there is not a pending matter before this court, the court encourages the parties to explore an amicable resolution of the dispute in this matter to avoid further litigation and associated expenses.

                                                                  _____
                                                                  Samuel Der-Yeghiayan
                                                                  United States District Court Judge

Dated:   February 23, 2011